# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| SUSAN MICIOTTO | CIVIL ACTION NO. 6:19-cv-00735 |
| VERSUS | JUDGE DOUGHTY |
| HOBBY LOBBY STORES, INC. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the plaintiff's motion to compel discovery responses. (Rec. Doc. 20). The motion is opposed. (Rec. Doc. 23). For the following reasons, the motion is denied.

## Background

The plaintiff, Susan Miciotto, claims that she was injured when she fell outside the Hobby Lobby store in Lafayette, Louisiana. She filed her suit in state court, and it was removed to federal court. Before the suit was removed, the plaintiff propounded two sets of written discovery requests on the defendant. The defendant responded to the first set, but did not answer the second set until after removal. A motion to compel was filed in state court, but it was not ruled on.

After removal but without again propounding the discovery in federal court, the plaintiff filed the instant motion, adopting the arguments made in state court and seeking to compel responses to the discovery requests propounded in January 2019

and seeking to compel more complete responses to the discovery requests propounded in October 2018. The motion is opposed.

## Law and Analysis

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1] Nevertheless, discovery does have "ultimate and necessary boundaries."[2] Further, it is well established that "control of discovery is committed to the sound discretion of the trial court"[3] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4]

**A.  This Court Cannot Compel Responses**

In opposition to the plaintiff's motion, the defendant argued that this Court lacks authority to compel responses to discovery that was propounded in the state court proceeding before this action was removed to this forum. The defendant is correct.

---

[1]  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2]  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[3]  *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[4]  *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion to compel responses to interrogatories propounded under Rule 33[5] and requests for production propounded under Rule 34.[6] In this case, however, the plaintiff's discovery requests were not propounded under those rules; instead, they were propounded under state law before this case was removed. A federal district court's "ability to control or order discovery is limited by the applicable federal procedural rules" and those rules do not refer to discovery propounded under state procedural rules.[7] Therefore, in a case where a party sought to compel discovery propounded in state court without again propounding the discovery in federal court and where the parties did not agree that all discovery submitted in state court would be considered also submitted under the federal procedural rules for the purpose of enforcement or motions to compel, the court denied a requested motion to compel.[8] Relying on this jurisprudence, another court denied a requested motion to compel stating that "because Plaintiffs filed their discovery requests in state court, the

---

[5] Fed. R. Civ. P. 37(a)(3)(B)(iii).

[6] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[7] *Dufrene v. Pellittieri*, No. 95-3806, 1996 WL 502459, at *7 (E.D. La. Sept. 4, 1996).

[8] *Dufrene v. Pellittieri*, 1996 WL 502459, at *7. See, also, *Kerek v. Crawford Electric Supply Company, Inc.*, No. 18-76-BAJ-RLB, 2018 WL 3190980, at *1 (M.D. La. Mar, 23, 2018); *Byrd v. Castlepoint Fla. Insurance Company*, No. 15-634-BAJ-RLB, 2016 WL 1559584, at *1 (M.D. La. Apr. 18, 2016); *Menard v. Midwest Medical Supply Co., L.L.C.*, No. 11-01517, 2012 WL 5900744, at *2 (W.D. La. Nov. 21, 2012).

requests at issue were not filed under Rule 34. This Court may not compel the production of documents which were requested under state law absent an agreement among the parties that state court discovery will be used in, and that requests already served may be compelled in, the federal proceeding."[9]

Additionally, Rule 26(d)(1) of the Federal Rules of Civil Procedure states that a party may not seek discovery until after the Rule 26(f) conference has been held. Therefore, some district court cases have held that any discovery propounded in state court before a suit is removed is no longer answerable following removal.[10] One court has gone so far as to state that "[d]iscovery served in state court becomes null and ineffective upon removal."[11]

No evidence was presented showing that the discovery requests propounded by the plaintiff in this lawsuit were again propounded after the case was removed. Further, although the plaintiff submitted correspondence between counsel for the parties indicating that the discovery propounded by the plaintiff in state court would

---

[9] *Murray v. Atkinson*, No. 07-CV-10798-DT, 2007 WL 2050815, *2 (E.D. Mich. July 18, 2007).

[10] See, e.g., Janko v. Fresh Market, Inc., No. 13-648-SDD-RLB, 2014 WL 2949306, at *2 (M.D. La. June 27, 2014) (finding that discovery served but unanswered before removal was conducted prior to a Rule 26(f) conference and cannot be enforced by the federal court after removal); *O'Keefe v. State Farm Fire & Casualty Co.*, No. 1:08cv600-HSO-LRA, 2009 WL 2058867, *2 (S.D. Miss. July 10, 2009).

[11] *Wilson v. General Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 05-81128 CIV VITUNAC, 2006 WL 290490, *1 (S.D. Fla. Feb. 2, 2006).

be answered by the defendant after removal without requiring the plaintiff to again propound the discovery, no agreement between the parties permitting a motion to compel the state-court discovery in this forum has been identified by the parties to this lawsuit. Therefore, this Court lacks authority to compel the defendant to respond to the discovery requests that were propounded in state court before this action was removed.

**B.** **Expenses and Attorneys' Fees**

The plaintiff seeks to recover reasonable expenses and attorneys' fees incurred in the preparation and filing of her motion to compel. The court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed.[12] However, the court is not required to award fees and expenses if other circumstances make an award of expenses unjust.[13]

In this case, the defendant responded to the second set of discovery requests after the motion to compel was filed. However, the plaintiff should have been aware that the court cannot compel discovery responses if the discovery was requested in state court and not again propounded after removal absent a specific agreement between the parties. It would have been a simple, inexpensive task to change the caption on the discovery requests and mail them to the defendant's counsel. It would

---

[12] Fed. R. Civ. P. 37(a)(5)(A).

[13] Fed. R. Civ. P. 37(a)(5)(A)(iii).

5

have been equally simple and inexpensive to obtain a suitable agreement with defense counsel. Neither of those courses of action was pursued, depriving this Court of the power to compel responses to the plaintiff's discovery requests. Because this Court lacks the power to enforce the motion to compel, it would be unjust to allow the plaintiff to recover attorneys' fees or expenses incurred in connection with the motion to compel.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion to compel (Rec. Doc. 20) is DENIED in all respects.

Signed at Lafayette, Louisiana, this 10th day of January 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE