UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN MICIOTTO     * | |
|     Plaintiff     * | |
|     * | CASE NO. 19-00735 |
| VERSUS     * | |
|     * | JUDGE DOUGHTY |
|     * | |
| HOBBY LOBBY     * | MAGISTRATE JUDGE HANNA |
| STORES, INC.     * | |
|     Defendant     * | |
|     * | |
|     * | JURY DEMANDED |

## MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes the Defendant, Hobby Lobby Stores, Inc. who respectfully represents that there exists no genuine issue of material fact in this matter and Defendant is entitled to judgment as a matter of law.

In order to carry her burden of proof of trial, Plaintiff must establish several, essential legal elements. Plaintiff's inability to establish that a defect existed that caused her to fall and her inability to establish that Hobby Lobby had knowledge of any alleged defect is fatal to her claims.

**WHEREFORE** Defendant, Hobby Lobby Stores, Inc., respectfully prays this Honorable Court grant summary judgment in its favor, dismissing Plaintiff's claim, with prejudice.

**Respectfully submitted,**

 s/ MEGAN C. SAPORITO
PETER J. WANEK (#23353)
LINDSAY G. FAULKNER (#33863)
KATHRYN T. TREW (#34116)
MEGAN C. SAPORITO (#33757)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this 28th day of January, 2020.

 s/ MEGAN C. SAPORITO

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSAN MICIOTTO | * | |
|    Plaintiff | * | |
| | * | CASE NO. 19-00735 |
| VERSUS | * | |
| | * | JUDGE DOUGHTY |
| | * | |
| HOBBY LOBBY STORES, INC. | * | MAGISTRATE JUDGE HANNA |
| | * | |
|    Defendant | * | |
| | * | |
| | * | JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby") who respectfully submits this Memorandum in Support of its Motion for Summary Judgment. For the following reasons, plaintiff cannot meet her burden of proof against Hobby Lobby and summary judgment is due as a matter of law.

**BACKGROUND FACTS**

Plaintiff, Susan Miciotto, filed a Petition for Damages related to an incident that occurred on November 30, 2017 just outside the Hobby Lobby store located at 5622 Johnston St. in Lafayette, Louisiana.[1] Specifically, the Petition alleges that as Plaintiff was exiting the premises, she tripped and fell on a warped or broken wooden expansion joint.[2]

Plaintiff's Petition goes on to claim that Hobby Lobby either had actual notice of the condition or had constructive notice of the condition due to the existence of the condition for such

---

1 Rec. Doc. 1-1.
2 Rec. Doc. 1-1.

3

a period of time that it should have been discovered.³

Plaintiff, however, cannot sustain her claims because she has insufficient evidence to establish that the expansion joint caused her to fall. Even if Plaintiff could carry her burden of proving that an unreasonably dangerous condition existed on the Hobby Lobby premises that caused her to fall, she cannot prove that Hobby Lobby had knowledge of the condition. For these reasons, summary judgment in Hobby Lobby's favor is due, dismissing Plaintiff's claims against it, with prejudice.

## LAW AND ARGUMENT

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(b) provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."⁴ Where the non-moving party will bear the burden of proof at trial on the dispositive issue; that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an essential element to that party's case in order to survive summary judgment.⁵

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt to the material facts.⁶ The non-moving

---

3 Rec. Doc. 1-1.
4 Federal Rule of Civil Procedure 56(c); *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
5 *Celotex,* 477 U.S. 322.
6 *Matsushita Electric Indus. Co., Ltd v. Zenith Radio Corporation,* 475 U.S. 574, 586, I 06 S.Ct. 1348, I 356 (1986).

party must come forward with specific facts showing there is a genuine issue for trial.[7] The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a properly supported motion for summary judgment.[8] The non-moving party must present evidence upon which a reasonable jury could reasonably find for the plaintiff.[9]

"Although the defendant has the burden to establish that summary judgment is appropriate, **its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim.**"[10]

In the case at bar, no evidence exists that Plaintiff's alleged injuries were caused by a defect in Hobby Lobby's premises that created an unreasonable risk of harm. Thus, Plaintiff has failed to provide evidence in support of her case so as to establish a genuine issue of material fact for trial and summary judgment is appropriate.[11]

### B. In Order to Survive Summary Judgment, Plaintiff Must have Competent Evidence to Establish Each Element of her Claim

While Plaintiff's Petition does not specify the precise nature of her claims against Hobby Lobby, they appear rooted in Louisiana's negligence principles, specifically, Louisiana Civil Code Articles 2317.1 and 2322 or Louisiana Revised Statute 9:2800.6. To recover under those provisions, Plaintiff must prove:

(1) the condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable;

---

[7] *Matsushita,* 475 U.S. 587, 106 S.Ct. 1356.
[8] *Anderson v. Liberty lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).
[9] *Id.*
[10] (emphasis added). *Jolliff v. U.S.,* 2012 WL 2449952, *6 (E.D. La. 6/27/12) (citing *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322-23 (1986)).
[11] *Jolliff:* 2012 WL 2449952 at *5.

  (2) Defendants either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) Defendants failed to exercise reasonable care.[12]

  The plaintiff bears the burden of proving each requirement enumerated by the statute;[13] failure to prove any one element will prove fatal to her claim and entitles the defendant to summary judgment.[14]

  Merchants are not insurers of their patrons' safety, and are not required to insure against all accidents that occur on the premises.[15] The mere fact that an accident occurs, "does not elevate the condition of the thing to that of an unreasonably dangerous defect."[16] Rather, plaintiff must prove that the condition presented an "unreasonable risk of harm."[17]

  Plaintiff's failure to establish any one of the foregoing elements renders summary judgment appropriate.

  **C.** **Plaintiff's Claims Fail Because She Cannot Establish What Caused Her to Fall**

  As a threshold issue, Plaintiff must establish that there was an unreasonably dangerous condition that existed and caused her to fall. In this case, Plaintiff's testimony establishes that she does not know what caused her to fall, which is fatal to her claims.

  For example, in *Myles v. Cajun Operating Company (of Delaware)*, the United States District Court for the Middle District of Louisiana granted summary judgment in favor of a

---

12 La. R.S. 9:2800.6(8); La. C.C. art. 2317.1; La. C.C. art. 2322.
13 *White* v. *Wal-Mart Stores, Inc.,* 1997-0393 (La. 9/9/97), 699 So. 2d 1081.
14 *White,* 699 So. 2d 1081.
15 *Cusimano* v. *Wal-Mart Stores, Inc.,* 2004-0248 (La. App. 1 Cir. 2/11/05), 906 So. 2d 484, 488; *see also Retif v. Doe,* 93-1104 (La. App. 4 Cir. 2/11/94), 632 So. 2d 405, 408, *writ denied,* 94-1000 (La. 6/17/94), 638 So. 2d 1095.
16 *Durmon v. Billings,* 38,514 (La. App. 2 Cir. 5/12/04), 873 So. 2d 872, 876, *writ denied,* 2004-1805 (La. 10/29/04), 885 So. 2d 588.
17 La. R.S. 9:2800.6 8(1) and La. C.C. Art. 2317.1.

merchant in a similar case. 2017 WL 8640923 (U.S. M.D. 2017). In that case, Ms. Myles testified that she tripped and fell in the parking lot at Church's Chicken.[18] Ms. Myles testified at her deposition that she did not know for sure which condition (crack or hole) in the parking lot caused her to fall.[19] The Court granted Summary Judgment in favor of Cajun Operating Company finding that Plaintiff could not meet her burden of proving causation on behalf of the merchant, Cajun Operating Company.

In *Bailey v. Fred's Stores of Tennessee Inc.,* the United States Court of Appeals for the Fifth Circuit affirmed this Court's grant of Summary Judgment in a case with similar facts. 243 Fed.Appx 850 (5th Cir. 2007). The *Bailey* plaintiff brought a claim against Fred's Stores of Tennessee Inc., claiming that she injured herself when she slipped and fell at Fred's.[20] However, Ms. Bailey testified at her deposition that she saw nothing on the floor where she fell and does not know what caused her to fall.[21] The Fifth Circuit affirmed this Court's grant of Summary Judgment reasoning that the plaintiff "fails to produce any evidence that a hazardous condition existed, let alone the sort of unreasonable risk of harm... necessary to establish liability" under Louisiana law.[22]

In *Reed v. Home Depot USA, Inc.*, 843 So.2d 588 (La. App. 2d Cir. 2003), the plaintiff was shopping and claimed that she tripped and her foot became wedged under a pallet. However, she was not sure what caused her to fall and speculated that it was the pallet. The Louisiana Second Circuit affirmed the trial court's grant of summary judgment in the defendant's favor, stating that, "speculation as to what caused the accident cannot supply the *factual support* necessary to show

---

18 *Id.*
19 *Id.*
20 *Id.* at 851.
21 *Id.* at 851.
22 *Id.* at 852.

3

that the plaintiff would be able to meet her evidentiary burden at trial."[23]  Because the plaintiff had not shown evidence of causation, the appellate court found that there was no need to address the existence of hazardous condition or other elements of the claim.[24]

Again, in *Harris v. Kroger,* No. 17-CV-0331, 2017 WL 6419296 (W.D. La. Dec. 15, 2017), the plaintiff filed suit alleging that she sustained injuries at a Kroger store when she tripped over a stocking cart.  Kroger moved for summary judgment, in part, challenging plaintiff's ability to prove "the fundamental prerequisite" that a condition on the merchant's premises caused her to fall.

The plaintiff first said in her deposition that she tripped on a cart, but, when pressed, said she did not recall hitting the cart, had no bruise on her leg to indicate that she did, had no recollection of actually striking the cart before she hit the ground, and had only her assumption that the cart caused her fall.[25]  Kroger moved for summary judgment, which was granted, as plaintiff's speculation as to what caused her to fall did not create a genuine dispute of material fact with respect to causation.[26]

In *Ton v. Alberston's, LLC,* 182 So.3d 246 (La. App. 2d Cir. 2015,) a customer was in the parking lot when she fell and injured her shoulder.  No one witnessed the fall, but the Tons alleged in their petition that Mrs. Ton's foot caught on a defect in the concrete.  Mrs. Ton could not identify what her foot went into or hit, and there was nothing but speculation that she tripped on an area of the parking lot that included a small crack or hole along an expansion joint.  The trial court granted summary judgment for the merchant, and the appellate court affirmed.  It stated that circumstantial evidence may suffice to create a genuine issue of material fact, but "mere speculation is not

---

23 *Id.* at 591.
24 *Id.*
25 *Id.*at *2.
26 *Id.* at *4.

3

sufficient."[27]

Here, Plaintiff testified that she stubbed her toe on *something*, lost her balance and fell.[28] Prior to this incident, she did not see anything on the ground that would have posed a risk of harm.[29] She admits that as she was leaving the store, she was not looking at the ground, but at her car in the parking lot instead.[30] **Importantly, she did not see what she stubbed her toe on.[31]**

According to her medical records, days after the accident she reported to her doctors that her foot got caught on concrete.[32] She then testified in her deposition, which occurred over two years after this incident, that an unidentified witness told her that she tripped on a piece of wood that was sticking up out of an expansion joint.[33.] **However, she confirmed that she personally does not know what she tripped on and that she only knows that she stubbed her toe and fell.[34]** Thus, plaintiff does not have any admissible evidence to establish what caused her to fall, and instead she only speculates that it was the expansion joint, based on hearsay from unidentified witnesses. Plaintiff therefore lacks sufficient evidence to carry her burden of proof at trial, rendering summary judgment proper.

      **D.    Plaintiff also cannot establish that Hobby Lobby had Notice of an Unreasonably Dangerous Defect on the Premises**

Even if Plaintiff had sufficient proof that the wooden expansion joint caused her to fall, which Hobby Lobby denies, her inability to establish that the expansion joint constituted an "unreasonably dangerous defect" under Louisiana law or that Hobby Lobby had any notice of any issues with the expansion joint is fatal to her claims**.**

---

27  *Id.* at 249.
28 Exhibit A, Deposition Excerpts of Susan Miciotto, p. 161, 163.
29 *Id.* at p. 157, 163.
30 *Id.* at p. 156.
31 *Id.* at p. 160, 161, 165, 166.
32 *Id.* at p. 169.
33 *Id.* at p. 166.
34 *Id.* at p. 161, 166.

3

When asked in her deposition how long the expansion piece of wood had been sticking up prior to her fall, Plaintiff's response was, "How would I know something like that" and testified that she does not know the condition of the wooden expansion joint prior to her fall.[35]  Plaintiff, therefore, lacks evidence to carry her burden in proving that Hobby Lobby had actual or constructive notice of the alleged condition.

## CONCLUSION

Plaintiff Susan Miciotto lacks sufficient evidence to establish that a condition on the Hobby Lobby premises caused her to fall.  Even if she could establish that the expansion joint caused her to fall, she cannot prove that Hobby Lobby had notice any issues with the expansion joint prior to this incident.  For these reasons, the Court should dismiss Plaintiff's claims against Hobby Lobby as a matter of law, with prejudice, at Plaintiff's sole cost

**Respectfully submitted,**

_s/ MEGAN C. SAPORITO_
PETER J. WANEK (#23353)
LINDSAY G. FAULKNER (#33863)
KATHRYN T. TREW (#34116)
MEGAN C. SAPORITO (#33757)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this 28th day of January, 2020.

_s/ MEGAN C. SAPORITO_

---

35 *Id.* at p. 164, 167.

3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN MICIOTTO** | * | |
| Plaintiff | * | |
| | * | **CASE NO. 19-00735** |
| **VERSUS** | * | |
| | * | **JUDGE DOUGHTY** |
| | * | |
| **HOBBY LOBBY** | * | **MAGISTRATE JUDGE HANNA** |
| **STORES, INC.** | * | |
| Defendant | * | |
| | * | |
| | * | **JURY DEMANDED** |

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1. Susan Miciotto claims as she was exiting the Hobby Lobby store located at 5622 Johnston St., Lafayette, Louisiana, she tripped and fell on a warped or broken wooden expansion joint.[36]

2. Plaintiff testified that she stubbed her toe on *something*, lost her balance and fell.[37]

3. Prior to this incident, she did not see anything on the ground that would have posed a risk of harm.[38]

4. She admits that as she was leaving the store, she was not looking at the ground, but at her car in the parking lot instead.[39]

5. Plaintiff did not see what she stubbed her toe on.[40]

6. According to her medical records, days after the accident she reported to her doctors

---

36 Rec. Doc. 1-1.
37 Exhibit A, Deposition Excerpts of Susan Miciotto, p. 161, 163.
38 *Id.* at p., 157, 163.
39 *Id.* at p., 156.
40 *Id.* at p., 160, 161, 165, 166.

3

that her foot got caught on concrete.[41]

7. She testified that she personally does not know what she tripped on and that she only knows that she stubbed her toe and fell.[42]

8. Plaintiff does not know the condition of the wooden expansion joint prior to her fall.[43]

                                                                 **Respectfully submitted,**

                                                                 _s/ MEGAN C. SAPORITO_
                                                                 PETER J. WANEK (#23353)
                                                                 LINDSAY G. FAULKNER (#33863)
                                                                KATHRYN T. TREW (#34116)
                                                                MEGAN C. SAPORITO (#33757)
                                                                **WANEK KIRSCH DAVIES LLC**
                                                                1340 Poydras Street, Suite 2000
                                                                New Orleans, LA 70112
                                                                Telephone: (504) 324-6493
                                                                Facsimile: (504) 324-6626
                                                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this 28th day of January, 2020.

                                                                _s/ MEGAN C. SAPORITO_

---

[41] *Id.* at p., 169.
[42] *Id.* at p., 161, 166.
[43] *Id.* at p., 164, 167.