UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SUSAN MICIOTTO                         CIVIL ACTION NO. 6:19-cv-00735

VERSUS                                 JUDGE DOUGHTY

HOBBY LOBBY STORES, INC.               MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending are the plaintiff's motion to compel discovery responses (Rec. Doc. 32) and the plaintiff's motion to extend certain deadlines (Rec. Doc. 34). Both motions are opposed. (Rec. Docs. 36, 38). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, both motions are denied.

## Background

The plaintiff, Susan Miciotto, claims that she was injured when she fell outside the Hobby Lobby store in Lafayette, Louisiana. She filed her suit in state court, and it was removed to this forum. In the pending motions, the plaintiff seeks more sufficient responses to certain discovery requests and an extended time period for engaging in discovery.

## Law and Analysis

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1]  Nevertheless, discovery does have "ultimate and necessary boundaries."[2]  Further, it is well established that "control of discovery is committed to the sound discretion of the trial court"[3] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4]

### A.    The Motion to Extend Deadlines

The plaintiff seeks to have the deadlines for the joinder of parties and the amendment of pleadings extended to May 1, 2020.  In support of her motion, the plaintiff argued that surveillance video from an area inside the Hobby Lobby store on the date of the accident showed twenty Hobby Lobby employees exiting the store during an approximate twenty minute time period following her accident.  The plaintiff wants to depose the employees shown on the video and then possibly sue them individually.  The plaintiff believes that she would have a valid claim against

---

[1]    *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2]    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[3]    *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[4]    *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

any Hobby Lobby employee who had responsibility for inspecting, discovering, repairing, or warning about the hazardous conditions in the store's parking lot, including the expansion joint on which she allegedly tripped. Hobby Lobby maintains, in its responses to written discovery, that no particular employee has that responsibility and further maintains that each and every Hobby Lobby employee shares that responsibility. However, Hobby Lobby has also already identified for the plaintiff thirty-nine employees and four managers who were working on the day of the accident, and Hobby Lobby correctly pointed out that it would be vicariously liable for any employee's acts or omissions in that regard.

At the outset of this litigation, the plaintiff sued two Hobby Lobby employees that it alleged were responsible for the condition of the parking lot where the plaintiff allegedly fell. The court held that they were improperly joined as defendants in the lawsuit because they were not diverse in citizenship and they owed no duties to the plaintiff that were separate and distinct from the duties owed by Hobby Lobby, and the claims against them were dismissed.[5] The plaintiff's theory that there is some Hobby Lobby employee out there somewhere who might be personally liable to her is flawed since it is unlikely that a different result would be reached if another employee were sued. This Court finds that it would be futile to extend the deadlines

---

[5] See Rec. Doc. 10; Rec. Doc. 13.

for joining parties and amending pleadings in order to permit the plaintiff more time to try to find some additional employees to sue. Further depositions in that regard would be disproportional to the needs of the case and, consequently, would be beyond the scope of permissible discovery. Accordingly, the plaintiff's motion for the extension of deadlines is denied.

### B.    The Motion to Compel

In evaluating the merits of the motion to compel, this Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.

In support of her motion to compel, the plaintiff identified two interrogatories and one request for production, two areas of inquiry on the 30(b)(6) deposition notice directed to the defendant, and six requests for production on the 30(b)(6) deposition notice directed to the defendant that she contends have not been fully and completely responded to. Each will be considered in turn.

### Interrogatory No. 1

In Interrogatory No. 1, the plaintiff sought the names, addresses, and telephone numbers of all Hobby Lobby employees who worked during November 2017 and had responsibility for the inspection, discovery, repair, and warning against the condition at the store exit that allegedly caused the plaintiff's accident. Hobby

Lobby objected on the basis that this interrogatory was overly broad, irrelevant, and not proportional to the needs of the case. Hobby Lobby further indicated that they have provided contact information for the employees who worked on the day of the accident but are no longer working for Hobby Lobby and will cooperate with scheduling depositions of the current employees who were working that day.

While the defendant objected to this interrogatory, it identified the employees who worked at the store on the date of the accident. The defendant also stated that all employees are responsible for the parking lot and store premises and for warning of any hazardous conditions. The plaintiff contends that this response is unsatisfactory and seeks the name and contact information for all persons employed at the store during November 2017 so that they can be deposed and then perhaps sued. The court has already ruled that the plaintiff's attempt to join two of the defendant's employees as additional defendants in the lawsuit was improper, given that the employees were not diverse in citizenship and because the employees did not owe a duty to the plaintiff that was separate from the duty owed by Hobby Lobby, and, consequently, there was no reasonable possibility of recovery against the employees. Since the defendant responded to discovery by stating that no particular employee owed a duty to maintain the outside of the store, it is unlikely that a different result would be reached if another employee were sued. This Court finds that the defendant need not provide any additional information in response to this

interrogatory. This Court finds that Hobby Lobby's responses are sufficient and sustains its objections.

**Interrogatory No. 2**

In Interrogatory No. 2, the plaintiff asked for the names, addresses, and telephone numbers for all of the persons falling into the following categories of Hobby Lobby employees who worked at the store during the month of November, 2017: store managers, front end managers; assistant managers; cashiers; and persons responsible for the inspection of the store exterior for hazardous conditions. The defendant objected to this interrogatory on the basis that it is overly broad, irrelevant, and not proportional to the needs of the case. However, the defendant supplemented its responses with the names of the persons in the listed positions on the date of the plaintiff's accident, provided contact information for the one who is no longer employed by the defendant, and advised that the current employees may be contacted through the defendant's counsel. The plaintiff remains unsatisfied with the defendant's response, arguing that she needs the names and contact information for all persons occupying these positions during November 2017 so that they can be deposed and perhaps sued.

As noted above, this Court has already found that the plaintiff's attempt to join store employees as defendants in the lawsuit was improper. This Court finds that the defendant need not provide any additional information in response to this

interrogatory. This Court finds that Hobby Lobby's responses are sufficient and sustains its objections.

**Request for Production No. 1**
**30(b)(6) Area of Inquiry No. 21**
**30(b)(6) Request for Production No. 12**

In both of these requests, the plaintiff seeks the production of information concerning premises accidents at the Hobby Lobby store that occurred within three years of the plaintiff's accident. The defendant objected to this request on the basis that it is overly broad, unduly burdensome, and irrelevant. The defendant also asked for a definition of the term "claims run." The defendant supplemented its responses with information concerning a trip and fall outside the store on January 24, 2017, and stated in its briefing that this was the only such accident in the year preceding the subject accident.

This Court finds that the request is overly broad and not proportional to the needs of the case. The accident occurred outside the store and is unrelated to any incidents that might have occurred inside the store. The plaintiff failed to demonstrate that any accidents that might have occurred inside the store are relevant to the plaintiff's accident. Further, the defendant has already provided information regarding the only other incident that occurred outside the store during the year preceding the plaintiff's accident. This Court further finds that limiting the time period to one year – rather than three years before the subject accident – is

reasonable. Accordingly, this Court finds that the defendant has met its obligation to respond to this discovery request and need not provide any additional information in response to these discovery requests. This Court finds that Hobby Lobby's responses are sufficient and sustains its objections.

### 30(b)(6) Area of Inquiry No. 23

In this area of inquiry, the plaintiff seeks information contained in Hobby Lobby's discovery responses. Hobby Lobby objected on the basis that the inquiry was vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Hobby Lobby also objected to the extent that the inquiry seeks information protected by the attorney-client privilege and noted that the discovery responses speak for themselves. In response to the motion to compel, Hobby Lobby clarified its position, maintaining its objection to any witness testifying as to the preparation of the discovery responses but agreeing to produce a company representative to testify as to the substance of the discovery responses.

This Court agrees with Hobby Lobby that the area of inquiry is vague because it could be interpreted as aimed at obtaining information protected by the attorney-client privilege or as aimed at obtaining a fuller understanding of the substance of the discovery responses. This Court finds that the defendant need not permit its representative to address the preparation of the discovery responses or any topic

protected by the attorney-client privilege during his deposition. This Court further finds that Hobby Lobby's position is reasonable and sustains its objections.

### (30)(b)(6) Request for Production No. 11

In this request for production, the plaintiff seeks documents reflecting job descriptions and job duties for store managers, assistant managers, front end managers and cashiers. Hobby Lobby responded that it has no such documents but will allow its corporate representative to discuss these job duties at his deposition. This Court further finds that Hobby Lobby's position is reasonable.

### 30(b)(6) Request for Production Nos. 13 – 16

In these requests for production, the plaintiff seeks the personnel files of Allen Calais, Michelle Savoy, Chad Conova, and Jackie Booth. In support of the motion to compel, the plaintiff explained that she is seeking to determine whether the files contain reprimands or warnings regarding noncompliance with store policies and procedures and contended that the personnel files are "relevant to the determination of defendant's approach to premises safety." (Rec. Doc. 32-3 at 5).

Hobby Lobby objected to the production of these files on the basis that the requests are overly broad, unduly burdensome, irrelevant, and seeks confidential information. Hobby Lobby also argued that, since there are no allegations concerning these four individuals, and in light of the nature of the plaintiff's claim,

this appeared to be a "fishing expedition" rather than a search for relevant information. This Court agrees.

"[D]espite the broad scope of discovery, personnel files are generally treated with special care in the Fifth Circuit."[6] "Employee personnel files contain much. . . sensitive and potentially embarrassing information, for example, alimony and child support garnishment, tax records, and drug test results."[7] "[I]n resolving disputes regarding personnel files, the court is required to balance the competing interests of the parties in a considered manner, with regard for the breadth of the federal discovery rules."[8] In this case, the information sought by the plaintiff can be obtained from another source. The plaintiff can explore Hobby Lobby's approach to premises safety in the corporate deposition of Hobby Lobby's corporate representative. Furthermore, whether one or more of the four named individuals might have been reprimanded for violating a store policy is wholly unrelated to whether any of them know anything about the circumstances of the plaintiff's

---

[6] *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, 2016 WL 3923873, at *6 (E.D. La. July 21, 2016).

[7] *Williams v. Roy O. Martin Lumber Co. LLC*, 51 Fed. App'x 483, 2002 WL 31319337, at *6 (5th Cir. 2002).

[8] *George v. Entergy Services, Inc.*, No. 09-3676, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010). See, also, *Eckstein Marine Service, Inc. v. M/V BASIN PRIDE*, 168 F.R.D. 38, 40 (W.D. La. 1996).

accident. Accordingly, this Court sustains Hobby Lobby's objections and finds that the defendant need not produce the requested personnel files.

Finally, the plaintiff based her arguments regarding the permissible scope of discovery on the version of Fed. R. Civ. P. 26(b)(1) that was in effect before 2015, even quoting the old version of the rule. "The 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'"[9] "The parameters established by Fed. R. Civ. P. 26(b)(1) are that permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits."[10] The plaintiff's counsel is cautioned that familiarity with the Rules of Civil Procedure and significant changes to the rules is required of counsel practicing in this court.[11]

---

[9] *State Automobile Mutual Insurance Company v. Freehold Management, Inc*., No. 3:16-cv-2255-L, 2018 WL 3548866, at *2 (N.D. Tex. July 24, 2018) (quoting *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp*., No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 (E.D. Tex. Jan. 23, 2017) (quoting Fed. R. Civ. P. 26, 2015 comm. note)).

[10] *Vinet v. BP Exploration & Production Inc*., No. 18-9527, 2019 WL 3574294, at *4 (E.D. La. Aug 6, 2019).

[11] See Local Rule 83.2.8.

**C.** **Expenses and Attorneys' Fees**

The plaintiff seeks to recover reasonable expenses and attorneys' fees incurred in the preparation and filing of her motion to compel. The court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed.[12] However, the court is not required to award fees and expenses if other circumstances make an award of expenses unjust.[13] Here, this Court found that the defendant's objections to the plaintiff's discovery requests were meritorious. Therefore, no attorneys' fees or expenses will be awarded in connection with the plaintiff's motion to compel.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for the extension of deadlines (Rec. Doc. 34) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to compel (Rec. Doc. 32) is DENIED in all respects.

Signed at Lafayette, Louisiana, this 19th day of March 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[12]   Fed. R. Civ. P. 37(a)(5)(A).

[13]   Fed. R. Civ. P. 37(a)(5)(A)(iii).