UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SUSAN MICIOTTO					CIVIL ACTION NO. 6:19-cv-00735

VERSUS						JUDGE DOUGHTY

HOBBY LOBBY STORES, INC.			MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Currently pending is the plaintiff's motion to compel discovery responses. (Rec. Doc. 51). The motion is opposed. (Rec. Doc. 55, 61). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied as moot to the extent it seeks to compel further responses to the discovery requests and is denied to the extent it seeks an award of attorneys' fees and expenses.

**Background**

The plaintiff, Susan Miciotto, claims that she was injured when she fell outside the Hobby Lobby store in Lafayette, Louisiana. She filed suit in state court, and the defendant removed the action to federal court. On an undisclosed date after removal,[1] the plaintiff propounded written discovery requests. Each of the discovery requests sought the identity of an alleged Hobby Lobby employee shown at a

---

[1] The plaintiff did not submit a copy of the discovery requests along with her motion to compel; instead, she submitted only a copy of the defendant's responses.

specific point on a surveillance video taken outside the store before the accident occurred. The defendant responded to the interrogatories on April 27, 2020,[2] objecting on the basis that the interrogatories were overly broad, unduly burdensome, not relevant to the claims or defenses, and not proportional to the needs of the case; referencing an earlier ruling by this Court; and refusing to identify the persons shown on the video. The next day, the plaintiff filed the instant motion, arguing that the defendant's responses to the discovery requests were insufficient.

On May 19, 2020, the defendant reconsidered its position and provided supplemental responses to the interrogatories, identifying six persons shown in the video, stating that it was unable to identify any others, and preserving its objections.[3] The defendant also filed a brief, explaining its opposition to the motion.[4]

The plaintiff filed a reply brief,[5] primarily arguing that the defendant's supplemental responses were insufficient because no detail was provided regarding the efforts made by the defendant to identify the persons for whom no names or contact information were provided.

---

[2] Rec. Doc. 51-4 at 14.

[3] Rec. Doc. 55-1.

[4] Rec. Doc. 55.

[5] Rec. Doc. 56.

The defendant then filed a supplemental brief,[6] directing the court's attention to a second set of supplemental discovery responses that was filed on May 22, 2020.

## Law and Analysis

The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[7] Nevertheless, discovery does have "ultimate and necessary boundaries."[8] Further, it is well established that "control of discovery is committed to the sound discretion of the trial court,"[9] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[10]

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion to compel responses to interrogatories propounded under Rule 33.[11] Rule 33 permits a responding party to state specific objections to interrogatories. In this case, the defendant responded to the plaintiff's interrogatories with specific objections before

---

[6] Rec. Doc. 61.

[7] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[9] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[10] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

[11] Fed. R. Civ. P. 37(a)(3)(B)(iii).

the motion to compel was filed, then supplemented its responses by identifying six persons shown on the video after the motion to compel was filed. The defendant stated that four of the six people it identified were current employees who could be contacted through the defendant's counsel, one was a former employee whose contact information was provided, and the sixth was a former employee whose contact information had been requested and would be provided upon receipt. The defendant again supplemented its answers to the plaintiff's interrogatories on May 22, 2020, providing alternative contact information for one of the persons identified in the earlier responses, providing contact information for a different former employee identified in its discovery responses, and explaining that store manager Allen Callais was the person who had been called upon to identify the persons shown on the surveillance film. This Court therefore finds that the defendant has provided sufficient responses to the interrogatories, mooting the plaintiff's motion to compel.

Rule 33 of the Federal Rules of Civil Procedure requires that answers to interrogatories must be signed by the responding person and also requires that objections to interrogatories must be signed by counsel.[12] The defendant's responses were signed by counsel but were not signed by a representative of the defendant company. Rule 26(g) of the Federal Rules of Civil Procedure explains that each

---

[12] Fed. R. Civ. P. 33(b)(5).

4

such signature "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the responses are warranted, nonfrivolous, not interposed for any improper purpose, and not unreasonable. Rule 11 of the Federal Rules of Civil Procedure states that an attorney who signs a paper presented to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support. . . [and] the denials of factual contentions are warranted on the evidence or. . . reasonably based on belief or a lack of information."[13] The plaintiff presented no evidence that the statements made in the discovery responses and signed by the defendant's counsel were not based on a reasonable inquiry, lack evidentiary support, or were not reasonably based on a lack of information. Therefore, no further inquiry into the veracity of the representations made in the discovery responses is necessary. However, the defendant's responses should have been verified under oath.[14] Accordingly, this Court will require that verifications by an appropriate company representative be prepared, signed, and provided to the plaintiff.

---

[13] Fed. R. Civ. P. 11(b)(3) and (4).

[14] See, e.g., *Leleux-Thubron v. Iberia Parish Government*, No. 6:13-cv-00852, 2015 WL 5519231, at *3 (W.D. La. Sept. 16, 2015).

The plaintiff seeks to recover reasonable expenses and attorneys' fees incurred in the preparation and filing of her motion to compel. The court must award fees and costs if a motion to compel is granted or if requested discovery responses are provided after the motion to compel is filed,[15] but the court is not required to award fees and expenses if other circumstances make an award of expenses unjust.[16]

In this case, the defendant responded to the interrogatories before the motion to compel was filed. The fact that the plaintiff was not satisfied with the responses is immaterial; responses were filed. Then, the defendant supplemented its responses with more complete responses and then supplemented its responses once again. This Court finds that the defendant's three sets of responses to plaintiff's discovery requests collectively render the motion to compel moot. Therefore, there is no basis for an award of attorneys' fees and expenses under Rule 37.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the defendant shall, not later than fourteen days after the date of this order, provide the plaintiff with a verification of the answers set forth in its supplemental discovery responses dated May 19, 2020 and a verification of the answers set forth in its supplemental discovery responses dated May 22, 2020, signed under oath by an appropriate company representative.

---

[15] Fed. R. Civ. P. 37(a)(5)(A).

[16] Fed. R. Civ. P. 37(a)(5)(A)(iii).

IT IS FURTHER ORDERED that, to the extent the plaintiff seeks more complete responses to its interrogatories, the motion to compel (Rec. Doc. 51) is DENIED AS MOOT; and, to the extent the plaintiff seeks the recovery of attorneys' fees and expenses, the motion is DENIED.

IT IS FURTHER ORDERED that the oral argument that was previously scheduled for June 11, 2020 is CANCELLED.

Signed at Lafayette, Louisiana, this 5th day of May 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE