\UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| SUSAN MICIOTTO | * | CIVIL ACTION NO. 6:19-CV-00735 |
|---|---|---|
| vs. | * | JUDGE TERRY A. DOUGHTY |
| HOBBY LOBBY STORES, INC., ET AL. | * | MAG. JUDGE PATRICK J. HANNA |

### RULING

This is an action brought by Plaintiff Susan Miciotto ("Miciotto") against Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") seeking damages for personal injuries related to an incident that occurred on November 30, 2017, outside the Hobby Lobby store in Lafayette, Louisiana. Miciotto alleges that, as she exited the store, she tripped and fell on a warped or broken wooden expansion joint. Pending here is Hobby Lobby's Motion in Limine to Exclude Subsequent Remedial Measures [Doc. No. 88]. Miciotto has filed an opposition [Doc. No. 97].

Hobby Lobby seeks to exclude testimony and/or evidence regarding repairs that were made in April 2018 (several months after the incident) to the sidewalk of the shopping center where the Hobby Lobby store is located. Hobby Lobby argues that evidence of repairs to the sidewalk is the type of evidence to be excluded under Rule 407 of the Federal Rules of Evidence.

Miciotto responds that the motion in limine should be denied because evidence of subsequent remedial measures is relevant to prove that the condition involved in her incident was widespread throughout the Hobby Lobby premises and was within Hobby Lobby's custody and control.

Rule 407 provides that "[w]hen measures are taken that would have made an earlier

injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the Court may admit this evidence for another purpose, such as impeachment or –if disputed—proving ownership, control, or the feasibility of precautionary measures." FED. R. EVID. 407.  The Advisory Committee Notes explain that the primary justification for Rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." *Id.*, Advisory Committee Note (1972); *see also Adams v. Chevron USA, Inc.*, 383 Fed. App'x. 447, 452 (5th Cir. 2010).  The rule also seeks to ensure that negligence is properly determined according to what the defendant knew or should have known prior to the accident, not what the defendant knew as a result of the accident. *Adams*, 383 Fed. App'x. at 452.

Hobby Lobby argues that the post-accident repair evidence should be excluded because the evidence would have little probative value, and that probative value would be substantially outweighed by the dangers of unfair prejudice and confusing the jury of the true issues presented by this case.  Hobby Lobby emphasizes that the primary rationale for Rule 407's exclusion of subsequent remedial measures is to encourage defendants to take such post-accident precautions by eliminating the inference that defendants were negligent in the first place.  Additionally, Hobby Lobby states that, for all the inferences that post-accident repairs could raise, it does not necessarily indicate that the sidewalk required repairs before Miciotto's fall, or that Hobby Lobby knew it needed to be repaired.  Yet, these are precisely the inferences Miciotto wants the jury to make, *i.e.*, that Hobby Lobby made repairs because it "knew" it was at fault for not preventing the accident.

Hobby Lobby concludes that to permit the introduction of evidence that the sidewalk was

repaired five months after Plaintiff fell would be highly prejudicial and would violate the policy goal of Rule 407.

Miciotto, on the other hand, contends that, five months after the accident, Hobby Lobby contracted with Ladybugs Parking Lot Sweeping, Inc. ("Ladybugs"), for the repair of approximately 200 feet of wooden expansion joints on the Hobby Lobby premises and on the adjacent premises of a Hobby Lobby affiliate, Mardel. The entirety of the work was approved by Hobby Lobby, was billed to Hobby Lobby, and was accepted by the Hobby Lobby manager, Allen Calais. In connection with the repairs performed by Ladybugs, 25 photographs were taken on the premises of Hobby Lobby and Mardel depicting the expansion joints prior to and subsequent to repair.

Miciotto asserts that, given the foregoing, evidence of subsequent remedial measures should be admissible because it reveals that the same type of condition involved in the plaintiff's accident was present throughout the Hobby Lobby and Mardel premises. Admission of this evidence would ensure that Hobby Lobby's negligence is determined according to what Hobby Lobby knew or should have known prior to the accident. Miciotto further asserts that the evidence shows that Hobby Lobby had custody and control over the entire premises, including Mardel, as Hobby Lobby approved the work, received billing for the work, and the work was accepted by the Hobby Lobby manager.

The Court finds that testimony and/or evidence regarding repairs that Hobby Lobby made to the sidewalk several months after the accident falls squarely within the prohibition set forth in Rule 407. Further, Miciotto has not shown that the purpose of the evidence falls within the exception set forth in Rule 407, i.e,, that the evidence is admissible for another purpose, such as impeachment or –if disputed—proving ownership, control, or the feasibility of precautionary

measures.

Accordingly, Defendant Hobby Lobby's Motion in Limine to Exclude Subsequent Remedial Measures [Doc. No. 88] is GRANTED, and this evidence will be excluded.

MONROE, LOUISIANA, this 21st day of January, 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

4