UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| SUSAN MICIOTTO | * | CIVIL ACTION NO. 6:19-CV-00735 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| HOBBY LOBBY STORES, INC., ET AL. | * | MAG. JUDGE PATRICK J. HANNA |

**RULING**

This is an action brought by Plaintiff Susan Miciotto ("Miciotto") against Defendant Hobby Lobby Stores, Inc., ("Hobby Lobby") seeking damages for personal injuries related to an incident that occurred on November 30, 2017, outside the Hobby Lobby store in Lafayette, Louisiana.  Miciotto alleges that, as she exited the store, she tripped and fell on a warped or broken wooden expansion joint.  Pending here is Miciotto's Motion in Limine [Doc. No. 92] in which she seeks to exclude evidence of her prior accidents, injuries, claims, or lawsuits.  Hobby Lobby has filed an opposition [Doc. No. 109].

Miciotto alleges that, as a result of the incident which forms the basis of this suit, she sustained an injury to her wrist and suffered a concussion with symptoms of post-concussion syndrome.  She further states that, many years prior to the incident at Hobby Lobby, she was involved in another trip and fall incident while leaving a Mardi Gras ball at the Heymann Auditorium in Lafayette. In that earlier trip and fall, she sustained an injury to her knee, and, ultimately, underwent a total knee replacement surgery. Following the earlier incident, she filed suit seeking personal injury damages.

Miciotto argues that evidence of her prior accident, injuries, claim, or lawsuit is

irrelevant, or, its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

More specifically, Miciotto moves for exclusion of this evidence on two separate grounds.  First, she requests that the Court exclude reference to the fact that a prior accident culminated in a claim and lawsuit.  Secondly, she requests that the Court exclude evidence of any prior accident or injury, as such is not relevant to the issue of medical causation.  She states that she has never sustained a concussion prior to the incident in this case and the probative value of evidence of any other injury sustained by her is outweighed by the danger of unfair prejudice.

Hobby Lobby acknowledges that evidence of Miciotto's prior litigation is inadmissible if it is being introduced only to show her purported litigiousness. Hobby Lobby contends, however, that evidence of Miciotto's prior accidents, injuries, claims, and lawsuits may become admissible for both substantive and impeachment purposes under Federal Rules of Evidence 401, 402, and 403, to the extent she places her prior accidents, injuries, claims, and lawsuits at issue.

Additionally, Hobby Lobby asserts that evidence of Miciotto's prior claims, accidents, and injuries should not be excluded because it is relevant as to her medical history and as to medical causation in this incident. Hobby Lobby states that Miciotto's medical records indicate a history of many of the same issues that she is claiming were caused by this incident, including dizziness, vertigo, blurred vision, headaches, and forgetfulness, among other things.   Hobby Lobby further states that evidence of Miciotto's prior accidents, injuries, claims and lawsuits may become relevant for other purposes, including potentially impeachment, depending upon her trial testimony. For that reason, Hobby Lobby argues that Miciotto's motion should also be denied as premature.

The essential prerequisite of admissibility is relevance. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (Citing Fed. R. Evid. 402). Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence which is not relevant is not admissible. FED. R. EVID. 402.

Pursuant to Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence that satisfies the above requirements for relevancy "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403, 1972 Advisory Committee Note.

As noted by the Middle District of Louisiana in *Ramsey v. Pepsi Cola Bottling Co.,* No. CV 05-284-M2, 2007 WL 9710783, at *1 (M.D. La. Apr. 16, 2007), a review of Louisiana jurisprudence, wherein evidence of prior injuries and claims have been admitted, indicates that courts typically admit such evidence where it goes to a plaintiff's credibility (i.e., the plaintiff has denied any prior claims or injuries, and the defendant uses such evidence to prove otherwise and impeach the plaintiff) and/or to the issue of causation. *See, e.g., Gongora v. Snay*, 93-322 (La. App. 5 Cir. 1993), 626 So.2d 759 (held that evidence of a plaintiff's prior accidents, injuries and lawsuits is admissible as it is relevant to the issues of causation and damages.; *Ewell v. Schwegmann Giant Super Markets*, 499 So.2d 1192 (La. App. 5 Cir. 1986)( ["E]vidence of prior injury and claims is admissible insofar as they bear upon any issue before the court, including credibility, and to establish whether the disability is causally related to the particular accident.")

In *McConathy v. Wal-Mart Louisiana*, LLC, No. CV 17-0622, 2018 WL 4558994, at *2 (W.D. La. Sept. 21, 2018), this Court denied Plaintiff's motion to exclude evidence of Plaintiff's prior injuries, holding that evidence of Plaintiff's prior injuries is admissible for purposes of establishing plaintiff's general health condition prior to the subject accident. In *Cormier v. Ace Am. Ins. Co.*, No. 6:18-CV-01104, 2020 WL 5806528, at *2 (W.D. La. Sept. 28, 2020), the Court denied Plaintiff's motion to exclude evidence of any prior claims for money for injuries, stating that such evidence may be relevant to show that Plaintiff's injuries were caused by a prior accident.

The Court finds that, to the extent that Miciotto moves to exclude evidence of her prior litigation offered only to show her purported litigiousness, her motion should be GRANTED, and evidence of her prior litigation offered for that purpose should be EXCLUDED.

The Court further finds that, to the extent Miciotto moves to exclude evidence of any prior accident or injury on the grounds that such evidence is not relevant to the issue of medical causation, the motion should be DENIED at this time. As indicated by the above caselaw, there can be circumstances where such evidence is clearly relevant. If, at trial, evidence of a prior accident or injury is presented that presents an issue with regard to relevance, the Court will address any objection made by Miciotto at that time. However, the Court cannot speculate if and how such evidence might be presented at trial, and, therefore, the motion in that regard is DENIED at this time. In all other respects, the motion is DENIED.

Accordingly, for these foregoing reasons, Miciotto's Motion in Limine [Doc. No. 92] is GRANTED IN PART and DENIED IN PART.

MONROE, LOUISIANA, this 21st day of January, 2021.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**