UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| SUSAN MICIOTTO | * | CIVIL ACTION NO. 6:19-CV-00735 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| HOBBY LOBBY STORES, INC., ET AL. | * | MAG. JUDGE PATRICK J. HANNA |

## RULING ON ISSUES OF LAW

This is an action brought by Plaintiff Susan Miciotto ("Miciotto") against Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") seeking damages for personal injuries related to an incident that occurred on November 30, 2017, outside the Hobby Lobby store in Lafayette, Louisiana. Miciotto alleges that, as she exited the store, she tripped and fell on a warped or broken wooden expansion joint.

The parties have presented two issues of law for the Court to rule on prior to trial. The first issue is whether a defendant's removal of a lawsuit to Federal Court constitutes a judicial admission by the defendant that the plaintiff's damages are a minimum of $75,001. The second issue is whether Miciotto is entitled to an adverse presumption against Hobby Lobby on the basis of spoliation of evidence. The Court will discuss each in turn.

*Judicial Admission by Removal*

Miciotto seeks a ruling that the valuation of her damages exceeds $75,000 and that Hobby Lobby's removal to this Court constitutes a judicial admission of this fact. Miciotto concedes that, should the jury conclude that liability does not exist or that she was guilty of comparative fault, she may not be entitled to a judgment of $75,001; however, she contends that,

should Hobby Lobby be found liable, and should she be found free from fault, her minimum damages should be $75,001.  [Plaintiff's Pretrial Memorandum, Doc. No. 131].

Hobby Lobby responds that this argument is meritless and has been previously rejected by this Court in *Robinson v. Cheetah Transportation*.[1] In that case, Plaintiffs argued that by removing the case, Defendants had judicially admitted that the claims were at least $75,000. Hobby Lobby states that Magistrate Judge Hayes found this argument "utterly without merit," recognizing that the amount-in-controversy deals with the amount sought by plaintiff, and not the "actual viability" of plaintiff's claims. Hobby Lobby further states that Judge Hayes expressly rejected the notion that a removal amounts to a judicial admission that the plaintiff has stated a claim upon which relief may be granted. [Defendant's Pretrial Memorandum, Doc. No. 133].

Miciotto cites no authority for her position, and the Court is unable to locate any.  The amount-in-controversy requirement in Title 28 U.S.C. § 1332(a), limits a federal court's diversity-of-citizenship jurisdiction to actions where the amount *in controversy* exceeds $75,000. Here, Hobby Lobby's removal papers asserted that the amount in controversy, as sought by Miciotto, appeared to exceed the jurisdictional amount, while repeatedly denying the merits of Miciotto's claims, including both liability and damages. [Doc. No. 1, ¶¶ 14 -16].

In light of the foregoing, the Court finds that Hobby Lobby's act of removing this matter has no bearing on the amount of damages Miciotto is entitled to recover.  Accordingly, Miciotto's request for a ruling that the valuation of her damages exceeds $75,000 and that Hobby Lobby's removal to this Court constitutes a judicial admission of this fact, is DENIED.

---

[1] No. CV 06-0005, 2007 WL 9780380, at *5 (W.D. La. Jan. 30, 2007).

*Adverse Presumption on Basis of Spoliation*

Miciotto contends that she is entitled to an adverse presumption against Hobby Lobby on the basis of spoliation of evidence. She asserts that, at no time following the accident did Hobby Lobby measure the defect in the sidewalk, despite having complete custody and control over the premises. She further asserts that, after the date of the accident, no repairs were performed for approximately five months, and, despite having received a "spoliation letter" from her prior counsel, no measurements of the defect were taken by Hobby Lobby at the time of repair. She states that, now, despite eyewitness testimony that the defect protruded approximately two inches above the walking surface, Hobby Lobby contends no defect existed at the location of the accident. [Doc. No. 131].

Miciotto concludes that she is entitled to an adverse inference instruction against Hobby Lobby for spoliation of evidence. In the alternative, she asserts that Hobby Lobby should be prohibited from attempting to establish, through examination, inference, suggestion, or otherwise, that the premises condition at issue was or was not any unit of measurement. [Id.]

Hobby Lobby responds, first, that the issue of spoliation is not properly before the Court because Miciotto has not pled a cause of action for spoliation in her original pleadings or in her amended pleadings. Instead, she only raised the issue for the first time in her pretrial inserts, long after the pleading deadline had lapsed.

Hobby Lobby next responds that an adverse presumption for spoliation is not imposed unless there is evidence of "bad faith," or that evidence was intentionally destroyed for the purpose of depriving an opposing party of its use. Hobby Lobby further contends that mere negligence is not enough to warrant an instruction on spoliation. Since Miciotto has failed to plead a cause of action for spoliation and cannot establish that Hobby Lobby intentionally

destroyed evidence in bad faith, Hobby Lobby concludes that Miciotto's spoliation argument is meritless. [Doc. No. 133].

The spoliation of evidence doctrine governs the intentional destruction of evidence. *Menges v. Cliffs Drilling Co.*, No. CIV. A. 99-2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)). If a party *intentionally* destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party. *Id.* (emphasis added). The seriousness of the sanctions that a court may impose depends on the consideration of:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Id.* (quoting *Schmid*, 13 F.3d 76, 78 (3d Cir. 1994)).

A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith. *Port of S. La. v. Tri-Parish Indus.*, 927 F. Supp. 2d 332, 346 (E.D. La. 2013); *see also Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 190 (5th Cir. 2018).

A party seeking the sanction of an adverse-inference instruction based on spoliation of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Rimkus Consulting*

4

*Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598 (S.D. Tex. 2010).

Here, Miciotto has not established that Hobby Lobby was the only party with control over or access to the evidence. She states that Hobby Lobby did no repairs for approximately five months, and, despite having received a spoliation letter from her prior attorney, Hobby Lobby took no measurements of the defect at the time of repair. However, the sidewalk was outside the store. Miciotto and her attorneys had as much access to it as Hobby Lobby did. If her prior attorney was sufficiently concerned to send a spoliation letter, then either he or Miciotto could have measured the alleged defect themselves during the five months it went without repairs.

Further, Miciotto has not established that Hobby Lobby acted in bad faith or engaged in bad conduct. Again, five months went by before the repairs took place. If Hobby Lobby had the intent to destroy adverse evidence, it likely would not have waited five months to do so, well after it had received correspondence from Miciotto's prior attorney.

Accordingly, Miciotto's request for an adverse presumption against Hobby Lobby on the basis of spoliation of evidence is DENIED.

## Conclusion

For the reasons set forth above, Plaintiff Susan Miciotto's request for a ruling that the valuation of her damages exceeds $75,000 and that Hobby Lobby's removal to this Court constitutes a judicial admission of this fact, is **DENIED**. Additionally, Miciotto's request for an adverse presumption against Hobby Lobby on the basis of spoliation of evidence is **DENIED**.

Monroe, Louisiana, this 16th day of June, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE